UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Jessica Gajewski,

                    Plaintiff,

vs.                                       **COMPLAINT**

Integer Holdings,                                        _____

                    Defendant.

Plaintiff Jessica Gajewski ("Plaintiff" or "Ms. Gajewski") Brings the following complaint:

## PARTIES

1. The Plaintiff, Jessica Gajewski, is a natural person with a place of residence 11687 Clarence Center Rd., Akron, NY 14001.

2. Defendant Integer Holdings ("Defendant") is a corporate entity with offices located at 11900 Walden Ave., Alden, NY 14004.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and as conferred by 42 U.S.C. §1983.

4. Defendants are subject to the jurisdiction of this Court and venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) as the acts and omissions giving rise to the claims in this complaint occurred within the Western District of New York.

1

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. Plaintiff has exhausted administrative remedies prerequisite to bringing this claim as follows:

6. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").

7. Subsequently, the EEOC mailed Plaintiff a 'Right to Sue' letter proving that she has exhausted her administrative remedies under Title VII.

## MATERIAL FACTS

8. Ms. Gajewski was a Director of Operations for Defendant for approximately 5 years.

9. Ms. Gajewski received excellent evaluations for her work performance.

10. Ms. Gajewski received a number of awards as recognition for her excellent work including:

    a. being recognized as one of the top 10 plants in North America.

    b. An award for business excellence.

11. Ms. Gajewski was Director of Operations for plant which was larger and performed more work than other plants which were run by "Senior Directors of Operations."

12. Senior Directors of Operations receive greater compensation than Directors of Operations.

13. Ms. Gajewski's performed more and better work than other Directors of Operations who were identified as "senior."

14. Ms. Gajewski was therefore paid less than her counterparts for substantially similar or heavier workloads.

15. The two previous leaders of the same plant were male, Senior Directors, until July 2014 when Ms. Gajewski was made Director of Operations.  "Senior" Director of Operations title was only held by males in the U.S.

16. Ms. Gajewski was therefore paid less than her male counterparts for substantially similar or heavier workloads.

17. Defendant terminated Ms. Gajewski and replaced her with a "Senior Director of Operations" who is male.

18. Defendant, by terminating Ms. Gajewski, deprived her of numerous terms and conditions of her employment, including:

    a. Her salary,

    b. valuable education benefits for her children, and

    c. access to restricted stock units.

19. Defendant terminated Ms. Gajewski to give her position to a man.

## FIRST CAUSE OF ACTION

**Violation of Title VII on the basis of Sex.**

20. Plaintiff repeats each and every allegation set forth herein in preceding paragraphs as though fully set forth herein.

21. The *prima facie* elements of discrimination claims under Title VII are "not onerous."[1]  A plaintiff may make out a *prima facie* case with either circumstantial or direct evidence of discriminatory intent.[2] Circumstantial evidence is by far the most common.  A plaintiff

---

[1] Texas Dept. of Community Affairs v Burdine, 450 US 248, 253 [1981]
[2] Swierkiewicz v. Sorema N. A., 534 U.S. 506, 511-12, 122 S. Ct. 992, 997, 152 L. Ed. 2d 1 (2002), *citing Trans World Airlines, Inc. v. Thurston,* 469 U.S. 111, 121 (1985).

making out a *prima facie* case of discrimination with circumstantial evidence must 1) identify a protected class, 2) identify an adverse action, 3) show that a) Complainant was qualified for the job and b) that the work still being performed.[3]

**Element 1) Protected Class**

22. Ms. Gajewski is female.

**Element 2) Adverse Actions**

23. Defendant terminated Ms. Gajewski's employment causing multiple pecuniary harms including:

    a. Loss of salary,

    b. Loss of a very valuable education benefit for her children,

    c. Loss of restricted stock units.

24. Ms. Gajewski's plant was larger and performed more work than other plants who were run by male "Senior Directors of Operations."

25. Senior Directors of Operations make more money than Directors of Operations.

26. Ms. Gajewski was being paid less for similar or even heavier workload than her counterparts.

27. Ms. Gajewski was replaced by a Senior Director of Operations.

**Element 3 (a) Plaintiff was Qualified for the Jobs Held and Applied for**

28. Ms. Gajewski held the position of Director of Operations for approximately 5 years.

29. Ms. Gajewski received excellent evaluations for her work.

30. Ms. Gajewski received a number of awards as recognition for her excellent work.

    a. this included being recognized as one of the top 10 plants in North America.

---

[3] McDonnell Douglas Corp. v Green, 411 US 792, 802 [1973], *see also Young v. UPS*, 135 S.Ct. 1338 (2015).

    b. this also included an award for business excellence.

**Element 3 (b) Work was Still Being Performed**

31. Ms. Gajewski's duties are still being performed.

32. The plant that she directed is still operational.

33. It is well settled law articulated by the Supreme Court that these elements raise an inference of discriminatory and/or retaliatory intent on the basis of sex.

34. In addition, there is additional evidence of sex discrimination: **All Senior Directors of Operations in the U.S. are male.**

**SECOND CAUSE OF ACTION**
**Violation of the ADEA**

35. Plaintiff repeats each and every allegation set forth herein in preceding paragraphs as though fully set forth herein.

36. The *prima facie* elements of discrimination claims under the ADEA are "not onerous."[4]  A plaintiff may make out a *prima facie* case with either circumstantial or direct evidence of discriminatory intent.[5] Circumstantial evidence is by far the most common.  A plaintiff making out a *prima facie* case of discrimination with circumstantial evidence must 1) identify a protected class, 2) identify an adverse action, 3) show that a) Complainant was qualified for the job and b) that the work still being performed.[6]

**Element 1) Protected Class**

37. Ms. Gajewski is over the age of 40.

38. Her DOB is 7/26/75.

---

[4] Texas Dept. of Community Affairs v Burdine, 450 US 248, 253 [1981]
[5] Swierkiewicz v. Sorema N. A., 534 U.S. 506, 511-12, 122 S. Ct. 992, 997, 152 L. Ed. 2d 1 (2002), *citing Trans World Airlines, Inc. v. Thurston,* 469 U.S. 111, 121 (1985).
[6] McDonnell Douglas Corp. v Green, 411 US 792, 802 [1973], *see also Young v. UPS*, 135 S.Ct. 1338 (2015).

**Element 2) Adverse Actions**

39. Defendant terminated Ms. Gajewski's employment causing multiple pecuniary harms including:

    a. Loss of salary,

    b. Loss of a very valuable education benefit for her children,

    c. Loss of restricted stock units.

**Element 3 (a) Plaintiff was Qualified for the Jobs Held and Applied for**

40. Ms. Gajewski held the position of Director of Operations for approximately 5 years.

41. Ms. Gajewski received excellent evaluations for her work.

42. Ms. Gajewski received a number of awards as recognition for her excellent work.

    a. this included being recognized as one of the top 10 plants in North America.

    b. this also included an award for business excellence.

**Element 3 (b) Work was Still Being Performed**

43. Ms. Gajewski's duties are still being performed.

44. The plant that she directed is still operational.

45. It is well settled law articulated by the Supreme Court that these elements raise an inference of discriminatory and/or retaliatory intent on the basis of age.

### THIRD CAUSE OF ACTION
### Violation of the NYSHRL

46. Plaintiff repeats each and every allegation set forth herein in preceding paragraphs as though fully set forth herein.

47. It is well settled that New York and federal anti-discrimination laws are analytically identical.[7]

48. Therefore, the First, Second and Third causes of action have the same elements.

### FOURTH CAUSE OF ACTION
### Violation of the Equal Pay Act

49. Plaintiff repeats each and every allegation set forth herein in preceding paragraphs as though fully set forth herein.

50. Ms. Gajewski is female.

51. Ms. Gajewski's plant was larger and performed more work than other plants who were run by male "Senior Directors of Operations."

52. Senior Directors of Operations make more money than Directors of Operations.

53. All Senior Directors of Operations in the U.S. are male.

54. Ms. Gajewski was being paid less for similar or even heavier workload than her male counterparts.

55. As a result of Defendants' actions, Ms. Gajewski experienced loss of income, fear, anxiety, severe humiliation, shame, embarrassment, emotional pain and suffering, loss of savings, and loss of enjoyment of life.

---

[7] "The standards for recovery under section 296 of the Executive Law are in accord with Federal standards under title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e *et seq.*) (*see, e.g., Matter of Laverack & Haines v. New York State Div. of Human Rights,* 88 N.Y.2d 734, 738, 650 N.Y.S.2d 76, 673 N.E.2d 586; *Matter of Miller Brewing Co. v. State Div. of Human Rights,* 66 N.Y.2d 937, 938, 498 N.Y.S.2d 776, 489 N.E.2d 745)." Ferrante v Am. Lung Ass'n, 90 NY2d 623, 629 [1997]

**WHEREFORE**, Ms. Gajewski respectfully requests this Court to enter an Order

  A. Awarding Ms. Gajewski past lost wages and benefits in an amount to be determined at trial;

  B. Awarding Ms. Gajewski damages for her pain, suffering, loss of enjoyment of life, humiliation and other injuries in an amount to be determined at trial;

  C. Directing Defendants pay all unreimbursed medical costs incurred by Ms. Gajewski as a result of the stress and anxiety resulting from the discrimination she suffered and the hostile working conditions she endured, including diagnostic analysis, treatment and therapy, and follow up therapy;

  D. Defendants pay Ms. Gajewski the costs of this action, together with reasonable attorneys' fees and disbursements;

  E. Ms. Gajewski to have such other and further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) Fed. R. Civ. P., Plaintiff hereby demands a trial by jury for all issues triable of right by a jury in this case.

Dated: May 3, 2021
      Buffalo, New York

Respectfully submitted,
Plaintiff Ms. Gajewski by her Attorneys

THE LAW OFFICE OF LINDY KORN PLLC

_____
Lindy Korn, Esq.
Richard J. Perry, Esq.
*Attorneys for Plaintiff*
Electric Tower
535 Washington Street, Ninth Floor
Buffalo, New York 14203
Telephone: (716) 856-5676
Facsimile: (716) 507-8475
lkorn@lkorn-law.com
khovaros@yahoo.com

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
Buffalo Division

---

Jessica Gajewski,

                        Plaintiff,                  **VERIFICATION**

      vs.

Integer Holdings,

                        Defendant.

---

Plaintiff, Jessica Gajewski, under penalty of perjury, deposes and says:

I have read the attached Complaint captioned in this matter and find it to be true to my personal knowledge, except as to matters alleged upon information and belief, which I believe to be true.

_Jessica Gajewski_
JESSICA GAJEWSKI

Sworn before me on this 2nd day of May, 2021

_Lindy Sue Korn_
Notary Public

LINDY SUE KORN
STATE OF NEW YORK
NOTARY PUBLIC
Qualified in Erie County
02KO4700780
MY COMMISSION EXPIRES 6/30/23